IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SHEMEKIA WILLIAMS                                                                           PLAINTIFF
*On behalf of*
D.T., A MINOR

vs.                                          Civil No. 1:10-cv-01028

MICHAEL J. ASTRUE                                                                          DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Shemekia Williams ("Plaintiff") brings this action on behalf of D.T., a minor, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying D.T.'s application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed an SSI application on behalf of D.T. on October 31, 2005.  (Tr. 15, 51). Plaintiff alleged D.T. was disabled primarily due to Attention Deficit Hyperactivity Disorder ("ADHD"). (Tr. 41-42, 197).  Plaintiff alleged D.T.'s onset date was August 1, 2004. (Tr. 51).  This application was denied initially and again upon reconsideration. (Tr. 41-42).  Thereafter, Plaintiff

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

requested an administrative hearing on D.T.'s application, and this hearing request was granted. (Tr. 37-38). An administrative hearing was held on June 14, 2007 in El Dorado, Arkansas. (Tr. 193-208). Plaintiff and D.T. were present and were represented by counsel, Denver Thornton, at this hearing. *Id.* Only Plaintiff testified at this hearing. *Id.*

On November 28, 2007, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI on behalf of D.T. (Tr. 15-31). In this decision, the ALJ found D.T. was born on June 6, 1999, was a school-age child on October 31, 2005 (the date the application was filed), and was a school-aged child on the date of the ALJ's decision. (Tr. 18, Finding 3). The ALJ determined D.T. had not engaged in Substantial Gainful Activity ("SGA") at any time relevant to his decision. (Tr. 18, Finding 2). The ALJ determined D.T. had the following severe impairments: ADHD (combined type), mood disorder not otherwise specified, and borderline intellectual functioning. (Tr. 18-19, Finding 3). The ALJ also determined none of D.T.'s impairments met, equaled, or were functionally equivalent to the Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4. (Tr. 19, Finding 4).

In assessing whether D.T.'s impairments were functionally equivalent to a listing, the ALJ assessed the six domains of functioning. (Tr. 19-30, Finding 5). Specifically, the ALJ determined D.T. had the following limitations in the six domains of functioning: (1) less than marked limitation in acquiring and using information; (2) less than marked limitation in attending and completing tasks; (3) less than marked limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) less than marked limitation in the ability to care for himself; and (6) no limitation in health and physical well-being. *Id.* Based upon these findings, the ALJ determined D.T. had not been disabled, as defined by the Act, since October 31, 2005, the date

D.T.'s application was filed. (Tr. 31, Finding 6).

Thereafter, on December 7, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 10-11). *See* 20 C.F.R. § 404.968. On January 27, 2010, the Appeals Council declined to review this unfavorable decision. (Tr. 3-6). On March 31, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 14, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 7-8. This case is now ready for decision.

## 2. <u>Applicable Law:</u>

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of

1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409.

Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2005, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924.  First, the ALJ must determine whether the minor child has engaged in substantial gainful activity.  If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment.  If a severe impairment is found, the ALJ will proceed to the third step.  At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1.  A minor child may be disabled if his or her impairment is

functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005) (unpublished). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

**3. Discussion:**

In her appeal brief, Plaintiff alleges the following: (A) D.T.'s impairments meet the Child Listing of 12.08 for Personality Disorder and (B) D.T. has an impairment or combination of impairments functionally equivalent to the Listings. ECF No. 7 at 3-20. This Court will address both Plaintiff's arguments for reversal.

### A.     Personality Disorder Listing

Plaintiff claims D.T.'s impairments meet the requirements for Listing 12.08 for personality disorders.  ECF No. 7 at 3-9.  As an initial matter, however, Listing 12.08 applies to personality disorders for adults.  Listing 12.08, therefore, is not the appropriate listing for D.T.  Instead, Listing 112.08 applies in child disability cases, and  Listing 112.08 applies under the facts in this case.

Further, although the requirements of Listing 12.08 and 112.08 are similar, they are not identical.  Importantly, under Listing 112.08, D.T. must demonstrate marked impairments in at least two of the following: (1) "age-appropriate cognitive/communicated function"; (2) "age-appropriate social functioning"; (3) "age-appropriate personal functioning"; and (4) "maintaining concentration, persistence, or pace."[2]  Under Listing 112.08, the first three categories (1-3) must be documented by either the claimant's history or medical findings or both.  Such documentation includes "if necessary" the results of appropriate standardized tests. If required, unless Plaintiff can provide such testing results, the claimant does not meet Listing 112.08.

Plaintiff has the burden of establishing D.T. meets the requirements of Listing 112.08.  *See Johnson v. Barnhart,* 390 F.3d 1067, 1070 (8th Cir. 2004) (citation omitted).  In the present action, Plaintiff has provided no results from "appropriate standardized" tests, psychological or otherwise, that would meet her burden of establishing D.T. qualifies under Listing 112.08.  Also, while Plaintiff claims D.T. has a marked impairment in social functioning and in maintaining concentration, persistence, or pace, Plaintiff does not provide sufficient evidence to meet her burden on this issue. Plaintiff only provides a reference to "records of South Arkansas Regional Health Center" to

---

[2] Under Listing 12.08, D.T. must demonstrate at least two of the following: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; and (4) repeated episodes of decompensation, each of extended duration.

establish a marked impairment in social functioning and a comment from D.T.'s first-grade teacher that he needs extra help with his homework to establish a marked restriction in concentration, persistence, and pace. Accordingly, this Court finds Plaintiff has not met her burden of establishing D.T. meets the requirements of Listing 112.08.

### B.  Functional Equivalence

Plaintiff claims D.T. has a marked or extreme limitation in three of the six domains of functioning: (1) acquiring and using information; (2) attending and completing tasks; and (3) interacting and relating with others. ECF No. 7 at 10-20. Plaintiff claims because of these limitations, D.T.'s impairments are functionally equivalent to a listed impairment. *Id.* To establish a limitation in these three domains of functioning, Plaintiff primarily relies upon the questionnaires completed by D.T.'s first and second grade teachers. ECF No. 7 at 10-14. These records indicate D.T. may be disabled. However, upon review, this Court notes that both these questionnaires, coupled with D.T.'s medical records, indicate D.T. was not compliant with his medical treatment. Further, these records also indicate that when he was compliant, his symptoms were controlled with medication. Thus, as outlined below, this Court finds the ALJ did not err when he found D.T. had less than a marked limitation in these three domains of functioning. *See Stout v. Shalala,* 988 F.2d 853, 855 (8th Cir. 1993) (holding that "[i]f an impairment can be controlled by treatment or medication, it cannot be considered disabling").

First, D.T.'s first grade teacher completed a questionnaire for D.T. on January 10, 2006. (Tr. 80-87). In this questionnaire, this teacher found Plaintiff had a "serious problem" in "reading and/or comprehending written material" and a "very serious problem" in "understanding and participating in class discussions," "providing organized oral explanations and adequate descriptions,"

7

"expressing ideas in written form," and "applying problem solving skills in class discussions." *Id.* This teacher also made several other findings indicating D.T. has a marked or extreme limitation in these three domains of functioning.

In this questionnaire, this teacher also referenced D.T.'s medications. She stated that although she knew medication had been prescribed for D.T., she did not know whether he took that medication on a regular basis. (Tr. 86). She also noted that when D.T. did take his medication, he had a change in functioning and could "focus more on activities and school work." *Id.*

Despite this teacher's lack of knowledge regarding D.T.'s medication, D.T.'s medical records indicate that D.T. was not taking his medication as prescribed during that time period. Notably, shortly after D.T.'s first grade teacher completed this questionnaire, D.T. was evaluated by Dr. Althea Conley, M.D./Ph.D. during a psychiatric follow-up examination. (Tr. 114-116). During that appointment, Dr. Conley stated that "there has been some question as to whether or not . . . [D.T.] has been receiving the medication appropriately given that the last time the patient was seen there was quite some time during which he had not received the medication." (Tr. 114). Dr. Conley also stated, "it was strongly emphasized to Ms. Shemekia Williams [Plaintiff] the importance of assuring that . . . [D.T.] . . . is receiving the medication prescribed on a consistent basis as this could explain why he's having such difficulties." *Id.*

Second, on September 28, 2006, D.T.'s second grade teacher completed a questionnaire regarding D.T.'s limitations. (Tr. 57-64). This teacher also found D.T. suffered from limitations similar to those found by D.T.'s first grade teacher. *Id.* Further, this teacher did not indicate whether she knew D.T. took any medication or whether he was compliant with that medication. (Tr. 63). Despite her lack of knowledge regarding D.T.'s medication, the record also demonstrates that one-month prior to this assessment, a medication check showed D.T.'s compliance "leaves much to

8

be desired." (Tr. 153).  Further, just eleven days after D.T.'s second grade teacher completed this questionnaire, Licensed Psychological Examiner ("LPE") Michael O. Dodd concluded D.T.'s compliance with medical treatment was "poor."  *Id.*  Additionally, on December 13, 2006, Dr. Conley reported that D.T. had not been seen for some time and had run out of his medication.  (Tr. 156).

On February 15, 2007, subsequent to these teachers' reports, Dr. Conley increased D.T.'s dosage of Ritalin.[3]  (Tr. 159).  After this increase, Dr. Conley noted on October 3, 2007 and March 6, 2008 that there was "significant improvement" in D.T.'s overall behavior and psychosocial functioning when he was compliant with his medications.  (Tr. 186, 191).  Indeed, on October 3, 2007, Dr. Conley also noted, "it appears that primarily the patient's difficulties are related to the fact that his mother finds it difficult to provide consistent study strategy with him such as it is felt that he could probably do much better if he was prescribed the appropriate medication and he was held accountable for his behavior."  (Tr. 191).

Thus, this Court finds the ALJ did not err when he found D.T. had a less than marked limitation in these three domains of functioning during the relevant time period when he was compliant with his medication.  *See Stout,* 988 F.2d at 855 (holding that "[i]f an impairment can be controlled by treatment or medication, it cannot be considered disabling").  Thus, after considering Plaintiff's two arguments for reversal, this Court finds no basis for reversal and affirms the ALJ's disability determination.  *See also Collins ex rel. Williams v. Barnhart,* 335 F.3d 726, 729-30 (8th Cir. 2003) (affirming the denial of benefits in a child disability case where the child's allegedly

---

[3] Dr. Conley increased D.T.'s morning dosage from 5.0 mg to 7.5 mg.  (Tr. 159).  Plaintiff suggests that the increase in Ritalin occurred on February 9, 2006.  (Tr. 109-110).  ECF No. 7 at 13.  These records, however, reflect that D.T.'s dosage was only 5 mg, three times daily, after the February 9, 2006 appointment.

disabling impairment was ADHD).

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff on behalf of D.T., is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 4th day of April, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE